124 F.3d 214
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Lee LAMB, Defendant-Appellant.
 No. 96-10547.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 19, 1997.**
Decided Sept. 24, 1997.
 
 1
 Appeal from the United States District Court for District of Arizona, No. CR-96-00181-EHC; Earl H. Carroll, District Judge, Presiding
 
 
 2
 Before KOZINSKI, MAYER*** and FERNANDEZ, Circuit Judges
 
 
 3
 MEMORANDUM*
 
 
 4
 Lamb argues that the district court erred in determining that his prior conviction was a crime of violence, in denying his motion to suppress evidence of a weapon seized from his vehicle, in denying his motion for a judgment of acquittal pursuant to Federal Rules of Criminal Procedure 29, and in permitting a prosecutor to comment on his pre-arrest silence.
 
 
 5
 We review de novo the district court's application of sentencing guidelines to specific offenses, its decision to admit evidence of the weapon found under Lamb's car seat, and its denial of the motion for judgment of acquittal. We review a claim of prosecutorial misconduct, objected to by a party during trial, for harmless error. United States v. Hinton, 31 F.3d 817, 824 (9th Cir.1994).
 
 
 6
 Lamb pled guilty and was accordingly convicted of resisting arrest. Ariz.Rev.Stat. Ann. § 13-2508, requires that a person either "1. Us[ed] or threat[ened] to use physical force against the peace officer or another; or 2. Us[ed] any other means creating a substantial risk of causing physical injury to the peace officer or another." From these two subsections, Lamb argues that it is not clear from the face of court documents related to his prior offense, that he pled guilty to a crime involving use of physical force. He argues that any speculation about that was improper and could not be used to alter the base offense level under the Sentencing Guidelines. See U.S.S.G. § 2K2.1(a)(2). The argument is without merit because the count on which he was convicted stated that he "intentionally prevented or attempted to prevent [an officer] ... from effecting an arrest by using or threatening to use physical force against the peace officer...."
 
 
 7
 Lamb objects to the district court's admission of evidence of a weapon seized from his vehicle without probable cause to arrest him. However, the proper inquiry for an investigative detention is not whether there was probable cause, which applies to full custodial arrests, but whether there was a reasonable suspicion of criminal activity. Berkemer v. McCarty, 468 U.S. 420, 439 (1984). The stop must have been justified at its inception and the officer's actions during the detention must have been reasonably related in scope to the circumstances justifying the interference. Terry v. Ohio, 392 U.S. 1, 20 (1968). In light of the fictitious license plates on a vehicle whose registration had expired, and Lamb's refusal to identify himself in a manner useful to the detaining officers, Lamb's detention was justified and the search of his vehicle was reasonably related to his detention.
 
 
 8
 Lamb also argues that the district court erred in denying his motion for judgment of acquittal because, unable to establish that he had knowing possession of the weapon under his car seat, the government could not establish each element of Felon in Possession of a Firearm, 18 U.S.C § 922(g)(1). The government is entitled to all reasonable inferences. United States v. Bernard, 48 F.3d 427, 429 (9th Cir.1995). Given Lamb's ownership of the car, his use of the car without passengers when he was detained, and the condition and position of the weapon when found, the government was entitled to a jury determination whether Lamb had constructive possession of the weapon.
 
 
 9
 Finally, Lamb argues that the district court violated his Fifth Amendment right against self-incrimination by permitting the prosecutor to comment on Lamb's pre-arrest silence. However, this commentary, going to the circumstances of Lamb's arrest, is not the type of attempt to draw meaning from silence that is prohibited. See United States v. Ochoa-Sanchez, 676 F.2d 1283, 1287 (9th Cir.1982). More importantly, he was not silent before his arrest; he made repeated statements such as "you know who I am" and "my name is God."
 
 
 10
 AFFIRMED.
 
 
 
 **
 The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a); 9th Cir. R. 34-3
 
 
 **
 * The Honorable H. Robert Mayer, United States Court of Appeals for the Federal Circuit, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3